

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 50426 | DATE | 2/6/2004 |
| CASE TITLE | LAPORTE vs. FIREPLACE & PATIO, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 06 2004 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 2-6-04 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Valentina LaPorte, filed this action against defendants, Fireplace and Patio Center, Inc., Michael Boresma, and Craig Chapello, alleging sexual harassment in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are proper under 42 U.S.C. § 2000e-5 (f) (3). Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.

At the outset, Boresma and Chapello are entitled to summary judgment because they are not plaintiff's employer within the meaning of Title VII and it is only the employer that is liable. See Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). She was employed by the corporation and only it may be liable under Title VII. Id.

Plaintiff did not file a response, as required by LR 56.1 (b) (3) to defendant's LR 56.1 (a) (3) statement of material facts. Accordingly, the facts set forth by defendant are deemed admitted. LR 56.1 (b) (3) (B); see Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003). Chapello is the president of the corporate defendant and the designated officer to receive sexual harassment complaints. (LR 56.1 (a) ¶ 3) Plaintiff began working for the corporate defendant on approximately January 8, 2002. The employee handbook she received directed employees to bring sexual harassment complaints to Chapello or his wife. (Id. ¶ 8) Dennis Gibson was a co-worker of plaintiff's. (Id. ¶ 4) Plaintiff logged the following incidents involving Gibson: He told her he and his wife were not compatible and said plaintiff was good to look at; told plaintiff she was his soul mate because they both liked the out of doors; when plaintiff asked Gibson why they needed so many copies, he responded, "We have been fucking over this. Don't you fucking get it!"; he asked plaintiff to go fishing with him and told her he had difficulty getting an erection; he commented he did not see any panty lines under her pants; he invited her to a time-share sale in Wisconsin; he commented that an installer was always confused and bet that as a baby he "probably didn't know which tit to suck;" in discussing a motorcycle seat Gibson cupped his hands and said he would be glad to fit plaintiff's ass for the right size seat; he told plaintiff she was "fucking wrong" about a price quote; told an installer "no fucking woman would take his job!;" when plaintiff didn't answer the phone he asked her "is your fucking arm broken?;" he asked her to put a fish finder that projected images on a t.v. down her pants. (Id. ¶ 7) Plaintiff never complained to Mrs. Chapello and never told Chapello any details of sexual comments being made by Gibson. (Id. ¶¶ 9, 13) Plaintiff asserts the following concerning Boresma: when she told him she had a doctor's appointment he asked if she was having breast augmentation; he left a message on her home answering machine inquiring about her nipple extraction; he wrote in his date book "phase II-boob job (Tina);" (Id. ¶ 15) Prior to the last workday in June, plaintiff cleared out her personal belongings and did not return to work on July 1, 2002, after speaking to her lawyer. (Id. ¶ 22) She never told Boresma or Chapello she was quitting and on July 2, 2002, her attorney wrote defendant a letter saying plaintiff had been constructively discharged. (Id. ¶ 23)

"To establish a prima facie case of hostile environment sexual harassment, a plaintiff must demonstrate that: (1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on sex; (3) the sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance in creating an intimidating, hostile or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability." Robinson v. Sappington, 351 F.3d 317, 328-29 (7th Cir. 2003) (internal quotation marks and citations omitted). The third prong requires the environment be both subjectively and objectively hostile. Id. "Not every unpleasant workplace is a hostile environment. The occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers would be neither pervasive nor offensive enough to be actionable. The workplace that is actionable is hellish." Rogers v. City of Chicago, 320 F.3d 748, 752 (7th Cir. 2003) (citations omitted). The actions of Gibson and Boresma are neither pervasive nor offensive enough to be actionable. Boresma's comments were limited to his inappropriate remarks concerning plaintiff's surgical procedures. Gibson's use of the f-word was not sexual in nature. The remaining comments, while vulgar and inexcusable, were not severe and were scattered over the almost six months of plaintiff's employment. Gibson's conduct was not physically threatening or humiliating but consisted of offensive utterances and was insufficient to be actionable. The third prong of the hostile work environment test is not met and defendants are entitled to summary judgment.

For the foregoing reasons, defendants' motion for summary judgment is granted. This case is dismissed in its entirety with prejudice.